UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                No. 17-CR-20687

-vs-

                                Hon. Bernard A. Friedman

D-1  LOUELLA BREWSTER,

     Defendant.                AUSA Stephen L. Hiyama  was contacted
                                  by email on 2/14/2022, but did not respond to as
                                  to his concurrence or non-concurrence with this
                                  Motion.

_____/

## MOTION TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATIONS, EXPIRATION OF THE STATUTE OF LIMITATIONS AND PURSUANT TO FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 40(b)

NOW COMES Defendant Louella Brewster, by and through undersigned counsel and moves this Court to dismiss the Indictment for Speedy Trial violations, as well as the Fifth and Sixth Amendment of the United States Constitution, expiration of the Statute of Limitations (5 years), and pursuant to Federal Rules of Criminal Procedure, Rule 40(b) for the following reasons:

### Background

The Office of Inspector General began to investigate Defendant Louella Brewster sometime in June of 2013.  Initial inquiries, regarding the payment of Social Security benefits to a Velma Thomas. resulted in a case being open on or about August 26, 2013.  The Officer of Inspector General, hereinafter referred to as OIG, determined that Velma Thomas had passed away on May 5, 1984, and Social Security

benefits were paid through July of 2013.  Investigation was made pursuant to violation of Title 18 U.S.C. §641:

> "*Wh*oever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or any department or agency thereof."

The OIG agents as a result of their investigation concluded that Louella Brewster had wrongfully received and misused Social Security funds resulting in a total loss of $254,744.34.

In the course of the relevant investigative period, the OIG was not able to interview Louella Brewster, and efforts were made in this regard by way of investigation of various records, as well as contact with relatives of Louella Brewster.

On December 3, 2013, upon presentment of an Affidavit by Special Agent of the OIG, Complaint (case no. 13-MJ-30762) was issued, and on the same day there was a granting of a motion and issuance an order to seal the Complaint (ECF 3, Pg. ID 6) on the grounds that "*Defendant may flee prior to appearance on the Complaint.*"

On December 12, 2013, a motion and order to unseal the Complaint, an arrest warrant was granted.  (ECF 4, Pg. ID 7) on the grounds "*that the United States is no longer apprehensive that Defendant may flee prior to appearance on the Complaint.*"

Subsequent to the motion and order to unseal the Complaint and arrest warrant, agents of the OIG resumed investigative and surveillance efforts in an attempt to arrest Defendant and Louella Brewster, but these were unsuccessful.  The attempts to arrest Defendant Louella Brewster continued until July 9, 2014.  At this time, the case was closed.

On or about July 14, 2017, the OIG received a call from AUSA indicating that the Statute of Limitations was about to expire (five years), and there was concern that an Indictment should be found.  An Indictment charging Defendant Louella Brewster with the embezzlement from the federal government in violation of 18 U.S.C. §641 was issued on October 17, 2017.

The Indictment and records were sealed and it does not appear that the basis for the sealing of the Indictment nor duration of the sealing are set forth in any record or records.

After the Indictment was issued on October 17, 2017, the OIG conducted as follows:   Surveillance to primarily Defendant Louella Brewster's sister Learah Gilliam and through September 11, 2018, Defendant Louella Brewster was unable to be located.

Investigation resumed with contact of the Michigan Department of Health and Human Services (MDHHS) was contacted, and as a consequence, Defendant Louella Brewster was arrested on January 13, 2021.   The unsealed Indictment was then unsealed.

There is nothing to indicate that any efforts to arrest Defendant Louella Brewster resulted in the OIG disclosing that there was an Indictment outstanding and a warrant for her arrest.  She was arrested on January 13, 2021.

Defendant Louella Brewster is 74 years of age and is not in good health.  She utilizes a cane and has other significant medical issues, evidence of mobility issues, as well as cataracts in both eyes and high blood pressure, which should be taken into consideration by this Court.  (See Exhibit A)

3

The following argument and Memorandum Brief is to be addressed by the court with regard to this Motion to Dismiss the Indictment, although it may be necessary to have a hearing regarding the same in the areas of the legal efficacy of the Indictment under seal as far as a basis for the sealing as well as the duration of the Indictment.

THOMAS LEGAL CENTERS, P.C.

BY: s/Thomas W. Jakuc
     22811 Greater Mack, Ste. 204
     St. Clair Shores, MI  48080
     586-573-2694
     Thomasjakuc@sbcglobal.net
     P15426

Dated: February 14, 2022

## MEMORANDUM BRIEF

## Sixth Amendment (Speedy Trial)

The Constitution's Sixth Amendment provides:  "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed."   In *Duncan v. Louisiana*, 391 U.S. 145 (1968) the court explained that "[b]ecause we believe that trial by jury in criminal cases is fundamental to the American scheme of justice, we hold that the Fourteenth Amendment guarantees a right of jury trial in all criminal cases".

In *Barker v. Wingo,* 407 U.S. 145 (1968), the Supreme Court found that a defendant's constitutional right to a speedy trial can only be determined on an ad hoc basis.  The Supreme Court determined that courts must balance four factors when determining if a speedy trial violation has occurred; (1) the length of delay: (2) the reason for the delay; (3) the defendant's assertion of his right and (4) the prejudice to the defendant.  The case goes on explain that none of these factors are dispositive, and courts must also consider any other circumstances that are relevant to the inquiry. In *United States v. McDonald,* 456 U.S. 1 (1982), the Court pointed out that even out-of-custody defendants facing charges have the right to a speedy trial.  The Court explained that one of the goals of the speedy trial guarantee is to "minimize the possibility of lengthy incarceration prior to trial" but also applies in the situation where the defendant is still "subject to public accusation" and his or her life is being disrupted by "the presence of unresolved criminal charges." Id.

Defendant Louella Brewster has been unable to assert her right to a speedy trial since the Indictment issued in this case, October 17, 2017 was improperly placed

under seal and removed, which seal was removed when Defendant Louella Brewster was arrested on January 13, 2021. This was approximately three years and three months.

The Sixth Amendment guarantees that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial. "U.S. Const. amend. VI. Unlike a violation of the Speedy Trial Act, a dismissal for a speedy-Trial violation under the Sixth Amendment must be with prejudice. See *United States v. Sutton,* 862 F.3d 547, 554 (6th Cir. 2017). To determine whether there has been a sixth Amendment Violation, the Court must balance four factors: "(1) whether the delay before trial was uncommonly long, (2) whether the government or the criminal defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether he suffered prejudice as the delay's result. *Wilson v. Mitchell,* 250 F.3d 388, 394 (6th Cir. 2001)(quoting *Doggett v. United States,* 505 U.S. 647, 651 (1992))(internal quotation marks omitted).

"The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases. *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) (citing Sixth Amendment is "the delay that ensued between indictment and trial. "*United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007). Any delay that approached one year is so "uncommonly long" that it is presumptively prejudicial, *Id.* (citation omitted); *Schreame*, 331 F.3d at 553. In this case, Defendant was indicted on October 17, 2017, and has not yet proceeded to trial. Accordingly, the delay in this case is presumptively prejudicial.

The court examines whether and how Defendant has asserted his speedy trial right, here, Defendant has asserted his speedy-trial right, and this assertion is typically "entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. "*Barker,* 407 U.S. at 531-32.

## Sealed Indictment

Federal Rules of Criminal Procedure (Fed.R.Crim.P.), **Rule 6(e)(4)** provides **sealed indictment.**

The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until Defendant is in custody or has been released pending trial. The clerk must then seal the indictment and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.

In the instant case, the Indictment was found at issue or returned on October 17, 2017 under seal. There is nothing to reflect or indicate the basis for the request for sealing or the duration in which the indictment was to be sealed.

It should be considered that with reference to the issuance of the Complaint and the motion to seal that the same was requested to be unsealed because the Defendant was no longer a threat flee prior to the appearance on the Complaint. It appears that the sole purpose in sealing the indictment was to provide the AUSA expressing concern for the expiration of the statute of limitations, which would have expired shortly within a year (July 20, 2018).

In the case of *United States v. Deglomini,* 111 F.Supp.2d 198 (E.D.N.Y. 2000), the court addressed the issue of sealing the indictment rule. Acknowledging that Rule 6(e)(4), Federal Rules of Criminal Procedure, grants the magistrate judge the authority

7

to seal an indictment, "until Defendant is in custody or has been released pending trial." Further, the rule does not spell out the precise purposes for which an indictment may be sealed, and second circuit cases have held various prosecutorial objectives was supported the decision to seal.

In the instant case, Defendant was arrested near 14 months later, after the indictment was returned, at which time the indictment was unsealed.

In the case of *United States v. Watson,* 599 F.2d 1149, 1154 (2d Cir.), citing cases of *United States v. Muse,* 633 F.2d 1041 (2d Cir. 1980) and *United States v. Michael,* 180 F.2d 55 (3rd Cir. 1949), the burden is on the government to establish legitimate reasons for sealing the indictment if the decision to seal is challenged *ex post* by the defendant. *See Srulowitz*, 819 F.2d at 41. In the absence of a proper purpose for sealing, the indictment is considered to be found upon unsealing. Thus, if the government cannot demonstrate such a prosecutorial need, the expiration of the statute of limitations prior to unsealing would invalidate the indictment as in any case where an indictment is untimely filed." There was no exact precedent for requiring a showing of prejudice to dismiss an indictment found after the limitations period has expired. The court in its opinion quoted the case of *United States v. Sherwood*, 38 F.R.D. 14, 20 (D.Conn. 1964), and stated as follows:

> "The five-year criminal statute of limitations would have little or no meaning were the law to be construed otherwise. A person would never know with certainty that a sealed indictment might be lurking in undisclosed government files, held in abeyance for a year or years to satisfy the personal motives of a government official."

The court concluded that because the government unreasonably delayed unsealing the indictment after the limitations period had expired, the prosecution is barred by the statute of limitations.

In the instant case, the indictment as represented was sealed and then unsealed, and there are no records to indicate the reason for the sealing or the duration in which the indictment would remain under seal.  The initial concern that Defendant would flee the jurisdiction was allayed by the motion of the Government to unseal the Complaint.

In the instant case, under the presented facts, there was no reason to believe or facts to support that Defendant Louella Brewster has fled or was about to flee the jurisdiction or took such actions as to avoid arrest.  Defendant Louella Brewster had abuse and alcohol problems and was aimless in her whereabouts through the relevant period.

The current facts will show that Defendant Louella Brewster was not aware that there was any issuance of her arrest or that there was an indictment found as it was sealed.  The issue before the Court then becomes whether or not the actions of the OIG through its agents and the investigation or surveillance in questioning are sufficient grounds for sealing the indictment.  One can only wonder why didn't the OIG through its agents during the course of their investigation, simply disclose that there was a warrant outstanding for Defendant Louella Brewster's arrest.  If they did, and efforts to determine the whereabouts of Defendant were unsuccessful, then arguably there would be a basis for the sealing in that the Government could argue that Defendant was avoiding arrest and the statute of limitations would have been tolled.

9

The recognized grounds for sealing of an indictment are included, but not limited to Defendant fleeing or having fled from the jurisdiction; protecting the identity of witnesses or confidential informant; preventing disclosure to codefendants, and continuing investigation, none of which are present in this instant case.

If we lower the standard to unsuccessful attempts to locate the Defendant as a basis for sealing the indictment and pausing or tolling of the statute of limitations, then are we creating an unmeasurable standard in this regard, most significantly, where the Defendant was not aware that a warrant or an indictment has been issued for her arrest.

## Federal Rules of Criminal Procedure 48(b)

F.R.C.P. 48(b)(3) provides that the Court may dismiss an indictment if unnecessary delay occurs in bringing the defendant to trial.

In the case of *U.S.A. v. Goodson,* 204 F.3d 508 (4th Cir. 1999), the court stated as follows with reference to 48(b):

> This provision not only allows a court to dismiss an indictment on constitutional grounds, see *Pollard v. United States*, 352 U.S. 354, 361 n.7,1L. Ed. 2d 393, 77 S. Ct. 481 (1957)(noting that Rule 48(b) provides for enforcement of the Sixth Amendment's speedy-trial right), buy it also restates the court's inherent power to dismiss an indictment for lack of prosecution where the delay is not of a constitutional magnitude, see Fed. R. Crim. P. 48(b) advisory committee note (pointing out that the rule restates the "inherent power of the court to dismiss a case for want of prosecution"). See also *United States v. Balochi,* 527 F.2d 562, 563-64 (4th Cir. 1976)(per curiam) (Rule 48(b) "supplements the district court's obligation to dismiss indictments in order to protect a defendant's constitutional rights and it is broader in compass").

The Court concluded there was unnecessary delay in bringing the Defendant to trial and dismiss the indictment.

From the initiation of the Complaint, and unsealing of the Indictment, there was a lapse of seven years.  This Honorable Court should take into consideration by way of background and argument the psychological evaluation made by Dr. Abramsky (Exhibit A) of Defendant Louella Brewster on 7/14/21;  and the most artful persuasive letter dated October 15, 2021 to AUSA Stephen Hiyama (Exhibit B) of an analysis of the psychological evaluation by prior Federal Defender Stacey M. Studnicki, which highlights the necessity of action under F.R.C.P. 48(b)(3) in that the unnecessary delay exacerbated Defendant's physical problems and those mental issues that had been diagnosed by Dr. Abramsky during the course of this unnecessary delay in prosecution.

WHEREFORE, Defendant Louella Brewster by and through her attorney Thomas W. Jakuc, respectfully request that this Honorable Court dismiss the Indictment with prejudice.

THOMAS LEGAL CENTERS, P.C.

BY: s/Thomas W. Jakuc_____
    22811 Greater Mack, Ste. 204
    St. Clair Shores, MI  48080
    586-573-2694
    Thomasjakuc@sbcglobal.net
    P15426

Dated: February 14, 2022

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF MAILING

I certified that a copy of Motion to Dismiss Indictment for Speedy Trial Violations, Expiration of the Statute of Limitations and Pursuant to Federal Rules of Criminal Procedure, Rule 40(B) and this Certificate of Mailing was mailed to all attorneys of record on this date of February 14, 2022 by electronic and/or ordinary mail.

s/Joyce J. Crechiolo_____
Secretary to Thomas W. Jakuc
(586) 573-2694

Dated: February 14, 2022