# EXHIBIT B

**FEDERAL DEFENDER OFFICE**
613 Abbott St., Suite 500
Detroit, MI 48226

*Telephone:* (313) 967-5542  ▪  *Fax:* (313) 962-0685

**MICHAEL CARTER**
**Executive Director**

**STACEY M. STUDNICKI**
**Asst. Federal Defender**
(313) 967-5856

October 15, 2021

Stephen Hiyama
Assistant U.S. Attorney
U.S. Attorney's Office
211 W. Fort Street
Detroit, MI 48226

    RE:   *United States v. Louella Brewster*
           Cr. No. 17-20687

Dear Mr. Hiyama:

    I am writing to request an alternative resolution of Ms. Brewster's case. We submit that the circumstances of this case warrant consideration of a resolution other than a felony prosecution.

    Ms. Brewster suffered a severe trauma in her life many years ago when her only child, Abdul Jamal Brewster, drown at the age of three in a neighbor's pool. As outlined in the attached Psychological Evaluation, which was conducted by Dr. Atara Abramsky, this tragedy sent Ms. Brewster on a downward spiral for the rest of her life and she has not yet fully recovered.

    The tragic and sudden loss of her only child resulted in a divorce from her husband and a lifelong substance abuse dependency as Ms. Brewster tried to cope. Most recently, she has turned her life around. As noted on page 3 of the Report:

> Ms. Brewster felt that she was at her rock bottom in the year 2020. She was smoking crack cocaine and drinking most days: "I was getting older and weaker." She finally entered treatment at Naomi's Nest, a residential drug treatment center. She was there from April to July 2020. She graduated from that program and then went into transitional living at the Lighthouse facility. She currently lives in an apartment through the Lighthouse in Westland, Michigan. She lives there with three other women. She attends individual and group therapy as well as AA/NA meetings three times a week. Ms. Brewster has now been clean and sober for 15 months. This is her longest period of sobriety: "I feel like a different person."

We believe that an alternative resolution would be appropriate for the following reasons:

1. <u>Louella Brewster is a disabled, vulnerable person, with serious physical and mental health issues.</u> She is 72 years old and has mobility issues due to problems with both knees; cataracts in both eyes; and high blood pressure.

Dr. Abramsky, on page 6 of her report, notes the following diagnoses:

Diagnostic Impressions

1. Post Traumatic Stress Disorder (PTSD)
2. Major depressive disorder with anxious distress

All available information was used to determine the most appropriate diagnoses for Ms. Brewster's current psychological makeup. Ms. Brewster best meets criteria for PTSD and major depressive disorder with anxious distress. There is significant overlap in the symptomatology between these two disorders. However, symptoms specific to PTSD include intrusive thoughts, sleep disturbances, attempts to avoid painful memories, and nightmares. Her symptoms of major depressive disorder with anxious distress include low mood, feelings of hopelessness and helplessness, anhedonia, and perhaps suicidal ideation. Both disorders contribute to feelings of detachment from others, anxiety, sleep disturbances, and self-destructive behavior. Ms. Brewster also meets the criteria for cocaine dependence and alcohol dependence in remission. She reports she has been clean and sober for over 15 months.

The combination of Ms. Brewster's age, physical issues, and mental health issues would make her extremely vulnerable to predatory inmates in a prison setting.

2. <u>The offense conduct was not sophisticated.</u> Ms. Brewster kept receiving her mother's social security benefits after her death. She has expressed remorse for her actions. Her self-destructive state of mind that resulted from her toddler son's death contributed to this situation:

Accountability/Insight/State of Mind: Ms. Brewster does not deny the allegations against her. She stated that after her mother died, she took charge of her estate. She reports that at first she was very depressed and was not thinking about "anything." However, she eventually did realize that she was continuing to collect her mother's Social Security benefits and admits she did nothing about it: "I did not think I would be living long enough for anything to happen at that time."

Ms. Brewster does have remorse for her actions. She accepts responsibility and knows that what she did was wrong. She reports that drug addiction was largely what fueled her behavior. She has always struggled to get her basic needs met. Stable employment was always challenging because of her addiction to crack cocaine. Although she does believe that her son's death had a lot to do with her downfall, she stated that "I cannot blame it all on my son's death." (Page 5)

## Conclusion

Incarcerating Ms. Brewster would be extremely costly. Her medical bills will add additional cost. It appears that the death of her toddler son in 1977 sent her on a downward spiral of addiction, depression, and self-destruction that she has just recently started coming out of. She has a minor criminal history, with many of her convictions being over 25-30 years old. She has successfully completed probation in the past. These factors, combined with her advanced age and physical problems, support a request for an alternative resolution that would not result in incarceration.

Thank you for taking the time to consider this request.

Sincerely,

FEDERAL COMMUNITY DEFENDER

*Stacey M. Studnicki*
Stacey M. Studnicki
Attorney at Law

Encl.