UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**-vs-**

No. 17-CR-20687

Hon. Bernard A. Friedman

**D-1 LOUELLA BREWSTER,**

    **Defendant.**
_____/

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT

NOW COMES Defendant, Louella Brewster, by and through her court appointed attorney, Thomas W. Jakuc, and submits to this Honorable Court this Reply to Government's Response to Defendant's Motion to Dismiss Indictment, and ask the Court to respectfully consider as follows:

### Corrections

Upon review and assessment of the previously response filed, pleadings, including the Motion to Dismiss, there are corrections which should be brought to the attention of this Court.

As set forth in the Government's Attachment A to its Response:

*On December 3, 2013, a federal criminal complaint was issued Defendant's niece was informed that a warrant for Defendant Louella Brewster had been issued, as well as on January 28, 2014, where Defendant's sisters were advised as to the issuance of a warrant.*

The reference in Defendant's Motion to Dismiss (ECF 23) is that there was nothing to indicate that any efforts to arrest Defendant Louella Brewster resulted in the OIG disclosing that there was a warrant outstanding for her arrest is incorrect.

Defendant in the Motion to Dismiss (ECF 23)(Id. Pg. ID 71) states as follows: "*In the instant case, Defendant was arrested near 14 months later, after the indictment was returned, at which time the indictment was unsealed.*" This is incorrect. The time that had lapsed from the return of the indictment, October 17, 2017 until the time of the indictment was unsealed, January 13, 2021, is approximately three years and three months.

### A. The Indictment was Not Sealed.

Examination of the docket entries, as well as the indictment clearly indicate that the indictment was sealed. Underscoring this is the Government's motion, supporting brief, and order to unseal indictment and arrest warrant, filed January 13, 2021. (ECF 4, Pg ID 7-8)

### B. If the Indictment was Sealed, It Was Sealed for a Proper Purpose.

The Government correctly cites the Sixth Circuit that it held "that a timely filed *and properly sealed* indictment tolls the statute of limitations." *United States v. Wright,* 343 F.3d 849,857 (6th Cir. 2003).

The Government in its Response sets forth other recognized and legitimate reasons for sealing indictments in a footnote sets forth (ECF 25, Pg. ID. 95), including, but not limited to: confidential informant; compromise in an ongoing investigation, and protecting potential witnesses.

The Government alleges there is nothing in the record to indicate or even suggest that the reason it was sealed wasn't proper. Further, there was no reason to believe that the reason the indictment was sealed was anything other than usual reasons, facilitating Defendant's arrest. (ECF 25, Pg. ID 95-96)

Examination of Report of Investigation (page 43), Attachment A, part three, covered a period from October 17, 2017 to December 29, 2017. Page 43 indicates that "*the case was reopened because the statute of limitations was set to expire and the U.S. Attorney assigned to the case thought we should present it for indictment, as a consequence,* Defendant Louella Brewster was indicted on October 17, 2017. Defendant was arrested approximately three years and three months after the indictment was founded, at which time it was unsealed beyond the expiration of the statute of limitations.

The legal, *bottom line* is, if in fact, the Government is allowed to seal an indictment solely for the purpose of tolling the statute of limitations, then this allowance will undoubtedly lead to the many abuses that the statute of limitation was enacted to prevent. This argument is underscored by the fact that a period three years and three months lapsed from the founding of the indictment to its unsealing.

Further, if in fact there was recognition for sealing the indictment under the presented facts, then it should be for a definite period of time, not the three years and three months in this particular case.

Counsel for Defendant Louella Brewster respectfully request that this Court dismiss the indictment on the arguments presented.

              THOMAS LEGAL CENTERS, P.C.

           BY: s/Thomas W. Jakuc
             22811 Greater Mack, Ste. 204
             St. Clair Shores, MI  48080
             586-573-2694
             Thomasjakuc@sbcglobal.net
             P15426

Dated:  February 28, 2022

*********************************************************************************************

## **CERTIFICATE OF MAILING**

 I certified that a copy of Reply to Government's Response to Motion to Dismiss Indictment and this Certificate of Mailing was mailed to all attorneys of record on this date of February 28, 2022 by electronic and/or ordinary mail.

             s/Joyce J. Crechiolo
             Secretary to Thomas W. Jakuc
             (586)  573-2694

Dated: February 28, 2022