UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1 LOUELLA BREWSTER,

    Defendant.
_____/

No. 17-CR-20687

Hon. Bernard A. Friedman

FILED
JUL 19 2022
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

# PLEA AGREEMENT

The United States of America and defendant LOUELLA BREWSTER have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are as follows:

## 1.  COUNT OF CONVICTION

Defendant will plead guilty to Count 1 of the Indictment, which charges her with embezzling and unlawfully converting to her own use and the use of others federal funds having a value of over $1,000, in violation of 18 U.S.C. § 641.

## 2. STATUTORY MAXIMUM PENALTIES

Defendant understands that the count to which she is pleading guilty carry the following maximum statutory penalties:

**Count 1**  Term of Imprisonment: 10 years
Fine: $250,000.00
Term of Supervised Release: 3 years

## 3. AGREEMENT NOT TO BRING ADDITIONAL CHARGES

If the Court accepts this plea agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against defendant for the conduct described below in Paragraph 5, setting forth the factual basis for the guilty plea.

## 4. ELEMENTS OF COUNT OF CONVICTION

The elements of Count 1 are:

- The money or property described in the Indictment belonged to the United States or one of its Agencies;

- The defendant stole, purloined, or converted the money or property to her own use or to someone else's use;

- The defendant acted knowingly and willfully with the intent to deprive the government of the use or benefit of the money or property; and

- The value of the money or property was greater than $1,000.

## 5. FACTUAL BASIS

The parties agree that the following facts are true, accurately describe defendant's role in the offense, and provide a sufficient factual basis for defendant's guilty plea:

> When defendant's father died in 1966, her mother started receiving Social Security survivors' benefits. Her mother resided in Detroit, and her mother's Social Security benefits were wired to her mother's bank account every month. Defendant was her mother's representative payee. Defendant's mother died in May 1984, when defendant was 35 years old. At that time, defendant took control of her mother's bank account and the Social Security benefits wired into that account. She also failed to inform SSA that her mother had died.
>
> For the next 29 years, defendant used the Social Security benefits that were wired into her mother's bank account to pay her own expenses. For example, defendant wrote checks drawn on that account and made them payable to Comcast, DTE, several credit card issuers, and other payees. At all relevant times, defendant resided in Detroit.
>
> Defendant's unlawful conversion of federal funds ended in July 2013, when SSA-OIG began investigating defendant's mother's account pursuant to the Centenarian Project because defendant's mother would have turned 100 years old in 2013. From 1984 to 2013, defendant unlawfully converted to herself a total of $245,744.30 in Social Security benefits.

## 6. ADVICE OF RIGHTS

Defendant has read the Indictment, has discussed the charge and possible defenses with her attorney, and understands the crime charged. Defendant

- 3 -

understands that, by pleading guilty, she is waiving many important rights, including the following:

- A. The right to plead not guilty and to persist in that plea;

- B. The right to a speedy and public trial by jury;

- C. The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

- D. The right to an appointed attorney, if defendant cannot afford to retain one;

- E. The right to be presumed innocent and to require the government to prove defendant guilty beyond a reasonable doubt at trial;

- F. The right to confront and cross-examine adverse witnesses at trial;

- G. The right to testify or not to testify at trial, whichever defendant chooses;

- H. If defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

- I. The right to present evidence or not to present evidence at trial, whichever defendant chooses; and

- J. The right to compel the attendance of witnesses at trial.

## 7. COLLATERAL CONSEQUENCES OF CONVICTION

Defendant understands that her conviction here may carry additional consequences under federal or state law. She understands that, if she is not a

United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. She understands that no one, including her attorney and the Court, can predict to a certainty what the additional consequences of her conviction might be. Defendant nevertheless affirms that she chooses to plead guilty regardless of any immigration or other consequences from her conviction.

## 8. DEFENDANT'S GUIDELINE RANGE

### A. Court's Determination

The Court will determine defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that defendant receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Further, if defendant's offense level is 16 or greater and she is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that she receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government

learns that defendant has engaged in any conduct inconsistent with acceptance of responsibility – including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying her guilt of the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in U.S.S.G. § 3E1.1 – the government will be released from its obligations under this paragraph, Paragraph 8.B; will be free to argue that defendant not receive *any* reduction for acceptance of responsibility under U.S.S.G. § 3E1.1; and will be free to argue that defendant receive an enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to defendant's guideline calculation on Count 1:

| | | |
|---|---|---|
| 2B1.1(a)(2) | base offense level, theft | 6 |
| 2B1.1(b)(1)(F) | $150,001-$250,000 loss | 10 |

### D. Parties' Obligations

Both defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations described above in Paragraphs 8.B and 8.C or with any of the factual stipulations

described above in Paragraph 5. Neither party is otherwise restricted in what it may argue or present to the Court as to defendant's guideline calculation.

### E. Not a Basis to Withdraw

Defendant understands that she will have no right to withdraw from this plea agreement or withdraw her guilty plea if she disagrees in any way with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' guideline recommendations and factual stipulations described above in Paragraphs 8.B, 8.C, and 5. The government likewise has no right to withdraw from this plea agreement if it disagrees with the guideline range determined by the Court.

## 9. IMPOSITION OF SENTENCE

### A. Court's Obligation

Defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the Sentencing Guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a).

### B. Imprisonment

*1. Recommendation*

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that this Court depart downward concerning defendant's criminal

history category and reduce it from category II or III to category I pursuant to U.S.S.G. § 4A1.3(b)(1), which provides for downward departures when a defendant's criminal history category substantially overrepresents the seriousness of her criminal history or propensity to commit new crimes. The government also recommends that defendant's sentence of imprisonment, if any, not exceed the midpoint of her guideline range as determined by the Court.

### 2. *No Right to Withdraw*

The government's recommendations in Paragraph 9.B.1 are not binding on the Court. Defendant understands that she will have no right to withdraw from this plea agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendations. The government likewise has no right to withdraw from this plea agreement if the Court decides not to follow the government's recommendations. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from this plea agreement.

### C. Supervised Release

There is no agreement as to the term of supervised release. Thus, the Court may impose any term of supervised release up to the statutory maximum term, which is <u>three years</u>. Defendant understands that the government's recommendation concerning the length of her sentence of imprisonment, as

described above in Paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of her supervised release.

**D.    Fine**

There is no agreement as to the imposition of a fine. Thus, the Court may impose a fine in any amount up to the statutory maximum fine, which is $250,000.00.

**E.    Restitution**

The Court must order restitution to every identifiable victim of defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c), 3613. If the Court imposes a schedule of payments, defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to

pay restitution. She agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. And she agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

F. **Special Assessment**

Defendant understands that she will be required to pay a special assessment of $100.00, due immediately upon sentencing.

10. **APPEAL WAIVER**

Defendant waives any right she may have to appeal her conviction, on any ground. If defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court, she also waives any right she may have to appeal her sentence, on any ground.

11. **COLLATERAL REVIEW WAIVER**

Defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as she properly raises those claims by collateral review under 28 U.S.C. § 2255. She also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c) as long as she properly files a motion under that section. Defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including but not limited to any right she may have to challenge her conviction or sentence on any ground

under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rules of Civil Procedure 59 or 60.

### 12. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF JUDGMENT

If defendant is allowed to withdraw her guilty plea, or if her conviction or sentence under this plea agreement is vacated, the government may reinstate any charges against defendant that were dismissed as part of this plea agreement and may file additional charges against defendant relating, directly or indirectly, to any of the conduct underlying defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. USE OF WITHDRAWN GUILTY PLEA

Defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that she made at her guilty plea hearing, and the factual basis set forth in this plea agreement, against her in any proceeding.

## 14. PARTIES TO PLEA AGREEMENT

This plea agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. SCOPE OF PLEA AGREEMENT

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before she pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. This plea agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claims against any property, by the United States or any other party.

## 16. ACCEPTANCE OF PLEA OFFER BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 11:30 a.m. on **July 19, 2022**. The government may withdraw from this plea agreement at any time before defendant pleads guilty.

_____
JOHN K. NEAL
Assistant United States Attorney
Chief, White Collar Crime Unit

DAWN N. ISON
United States Attorney

_____
RYAN A. PARTICKA
Assistant United States Attorney

_____
CORINNE M. LAMBERT
Special Assistant U.S. Attorney

Date: July 19, 2022

By signing below, defendant and her attorney agree that defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. Defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_____
THOMAS W. JAKUC
Attorney for Defendant

_____
LOUELLA BREWSTER
Defendant

Date: July 19, 2022