United States District Court
Eastern District of Michigan
Southern Division

United States of America,

       Plaintiff,

                                  Crim. Case No. 17-20687
v.                                 Hon. Bernard A. Friedman

Louella Brewster,

       Defendant.
                                 /

## GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO ADJOURN SENTENCING DATE

Contrary to the statement on the face of the defense motion[1], the government <u>objects</u> to the requested relief and states as follows.

Approximately ten years ago, agents with the Social Security Administration Office of the Inspector General (SSA-OIG) discovered that defendant Louella Brewster had been stealing Social Security benefits paid in the name of her deceased mother for *nearly thirty years*.

---

[1] The caption of the defense motion states, "AUSA Ryan Particka neither concurs or objects with this Motion." This statement implies the government takes no position with respect to the requested relief. In reality, defense counsel emailed a proposed copy of the motion at 2:23PM yesterday afternoon. Defense counsel then filed the motion at 5:01PM—approximately 2.5 hours later—while undersigned counsel was still reviewing the matter with co-counsel (who was not copied on counsel's initial email) and our case agent. Prior to the filing, neither myself nor co-counsel received a phone call from defense counsel attempting to seek concurrence.

1

During their investigation, agents attempted to interview the defendant, including by speaking to several of her family members. After multiple, unsuccessful attempts to locate her, the defendant was charged via complaint on December 3, 2013.  Agents made additional attempts to locate her shortly thereafter, including leaving messages with family members, to no avail.

Defendant Brewster was ultimately indicted on October 17, 2017. Agents again made attempts to locate and arrest her, again to no avail.

More than seven years after agents first began looking for her, defendant Brewster was finally arrested on January 13, 2021.  At the time of her arrest, she acknowledged to agents that she was aware they had been trying to find her back in 2013.

She pleaded guilty on July 19, 2022, and admitted to stealing nearly $250,000 in government benefits. (ECF No. 37, PageID.177).

The defendant was originally scheduled to be sentenced on November 16, 2022.  However, that date was adjourned to January 31, 2023, at the request of the U.S. Probation Department.

On January 5, 2023, the parties had yet to receive the PSR. Accordingly, defense counsel sought the government's concurrence as to

a second adjournment, and on January 6, 2023, the parties stipulated to an additional forty-five-days. The new, current sentencing date is March 28, 2023.

Defense counsel now purports to seek another sixty-day adjournment, to accommodate a knee replacement surgery scheduled for March 16, 2023.

Typically, the government would have no issue with agreeing to such a request. Here though, the timing of this procedure appears calculated to delay sentencing—possibly indefinitely.

First, it is worth mention though that the motion states "it is speculative as to when Defendant Louella Brewster will be available for sentencing." This suggests that it is possible sixty days would be insufficient, and that an additional adjournment could become necessary.

The government would then draw the Court's attention to page three of Exhibit A to the defense motion, which appears to be a radiology report from Detroit Medical Center dated *January 16, 2023*. The date of this report is significant in that it occurred approximately ten days <u>after</u> the parties' stipulated adjournment.

In other words, Defendant Brewster was aware *at the time of her exam* that she was due to be sentenced on March 28, 2023. However, government counsel was never apprised of the fact that defendant was even contemplating a second knee surgery, and received no notice that a procedure had been scheduled until receiving counsel's draft motion yesterday afternoon.

Likewise, the parties received the initial PSR on Jan. 20, 2023, and a final PSR was issued on Feb. 8, 2023 (thirty days ago).

Suffice it to say, had government counsel been made aware of the defendant's medical need and her desired timeline, we could have asked the Court to move her sentencing up to early next week, in order to accommodate both (1) the defendant's desire for a timely procedure; and (2) the government's need for finality after nearly ten years of attempting to prosecute this defendant for thirty years of theft.

Defendant Brewster was in her mid-thirties when she began stealing from the government. She was sixty-five years old when agents first discovered her offense; she then went into hiding for more than seven years. The fact that she is now seventy-five should not enure to her benefit in the form of additional delay.

4

To be clear, the government has no issue with the defendant *having* the surgical procedure. In fact, if the Court imposes a custodial sentence, the government will agree to any reasonable adjournments necessary to allow for the defendant's surgery and any necessary recovery.  The government does, however, take issue with the timing of the request, the general lack of advance notice, and what appears to be a pattern of delay on the part of this defendant.

As a result of her offense, the defendant owes the United States $245,744.30.  She has made zero effort to repay this debt in advance of sentencing. After nearly a decade, it is time for this case to be done and for the Defendant to begin paying restitution.

## Conclusion

For the reasons stated above, the government respectfully requests that defendant's Motion to Adjourn Sentencing (ECF No. 42, PageID.265) be denied.

Respectfully submitted,

DAWN N. ISON
UNITED STATES ATTORNEY

*s/Ryan A. Particka*
RYAN A. PARTICKA
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
ryan.particka@usdoj.gov
(313) 226-9635

Dated: March 10, 2023

## Certificate of Service

I certify that on March 10, 2023, I caused this Response to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following attorney(s):

>Thomas W. Jakuc
>Attorney for D-1 Louella Brewster


>*s/Ryan A. Particka*
>Assistant U.S. Attorney