United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                                       Crim. Case No. 17-20687

v.                                   Hon. Bernard A. Friedman

Louella Brewster,

        Defendant.

_____/

## GOVERNMENT RESPONSE IN OPPOSITION TO DEFENDANT'S *SECOND* MOTION TO ADJOURN SENTENCING

The government incorporates by reference both the recitation of facts and the arguments set forth in its previously filed Response in Opposition to Defendant's Motion to Adjourn Sentencing Date (ECF No. 43, PageID.270-276). The government further opposes the defendant's requested relief on the following basis:

The current sentencing date (May 16, 2023, at 2:00PM (ECF No. 44, PageID.278)) has already been adjourned multiple times and is now set to occur approximately ten months after the date of the defendant's guilty plea in this case. Moreover, the plea itself occurred nearly *nine*

*years* after law enforcement advised the defendant's family members that they were looking for her in connection with their investigation.

Virtually all of the delay in this matter, including the proffered reasons for additional delay, are matters within the defendant's control. As stated in our prior response, the timing of the defendant's knee replacement (including a consultation that occurred *after* a prior, stipulated adjournment) appeared deliberately calculated to further delay these proceedings.

The new arguments in favor of delay, e.g., "severe arthritic left shoulder which may require surgery" and requesting records from various health providers, appear similarly calculated. Defense counsel could have easily requested records from Ms. Brewster's providers in time to accommodate any of the previous sentencing dates. Likewise, the potential need for an additional surgery could have been explored during the preceding ten months since the date of the defendant's guilty plea. Raising these issues now—for the first time—seems highly suspect. In any event, the defendant herself should be capable of providing counsel with sufficient information for counsel to make the contemplated departure/variance motions.

2

The government also takes issue with the statement (repeated nearly verbatim from the first filing) that "it is more than speculative as to when Defendant Louella Brewster will be available for sentencing without medical restrictions." (ECF No. 45, PageID.280). This is because it was noted earlier in the motion that defendant was "recently discharged with prescription for further out-patient therapy, three times a week for three weeks." (ECF No. 45, PageID.279). If the defendant is capable of attending and participating in out-patient therapy, she's certainly well enough to appear for sentencing.

Finally, it bears repeating that: (1) as a result of her offense, the defendant owes the United States $245,744.30, and (2) she has made zero effort to repay this debt in advance of sentencing.

After nearly ten years since the discovery of this offense, it is high time to be done.

## **<u>Conclusion</u>**

For the reasons stated above, the government respectfully requests that defendant's Second Motion to Adjourn Sentencing (ECF No. 45, PageID.279) be denied.

Respectfully submitted,

DAWN N. ISON
UNITED STATES ATTORNEY

*s/Ryan A. Particka*
RYAN A. PARTICKA
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
ryan.particka@usdoj.gov
(313) 226-9635

Dated: April 27, 2023

Certificate of Service

I certify that on April 27, 2023, I caused this Response to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to the following attorney(s):

Thomas W. Jakuc
Attorney for D-1 Louella Brewster

_s/Ryan A. Particka_
Assistant U.S. Attorney