UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

No. 17-CR-20687

Hon. Bernard A. Friedman

D-1  LOUELLA BREWSTER,

AUSA Corinne Lambert does not concur with this Motion.

    Defendant.

_____/

## DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE/VARIANCE

NOW COMES Defendant, Louella Brewster, by and through her court appointed attorney, Thomas W. Jakuc, submits this Motion for Downward Departure/Variance, and in support states as follows:

Louella Brewster will be sentenced on Tuesday, July 18, 2023. Louella Brewster pled guilty to Count One of the Indictment, Theft/Embezzlement of Federal Funds (18 U.S.C. § 641), embezzling and unlawfully converting to her own use and use of others, federal funds having a value over $1,000.

Per the PSR filed (ECF 39, Pg. ID 209), #65:

**Guideline Provisions:** Based upon a total offense level of 13 and a criminal history category of II, the guideline imprisonment range is 15 months to 21 months.

This PSR was not objected to by Defendant Louella Brewster.

Louella Brewster intends to request that this Honorable Court vary from the guideline range and impose a provisionary sentence of Downward Departure or Variance.

## DOWNWARD DEPARTURE[1]

To provide an acceptable, cogent and accurate context to this Motion for Departure/Variance, reference will be made to the Presentence Investigation Report (ECF 41) with identifiable pages were relevant. It should be noted that there are no objections to the contents of the PSR.

The standard of USSG §5K2.0 is taken from 18 U.S.C. §3453(b), "to depart from the guidelines, the court must find aggravating or mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission …or if the court determines that, in light of unusual circumstances, the weight attached to that factor under the guidelines is inadequate or excessive. USSG §5K2.0

Defendant Brewster has no prior criminal history (ECF 41, Pg. ID 251) which indicates a crime of violence.

Defendant Louella Brewster was born on October 20, 1948 which makes her approximately 74 years of age at present.

Of significance is her **Physical Condition** as set forth in ECF 41, Pg. ID 255-256 as follows:

> Brewster is a 74-year female who stands 5'3" and weighs approximately 170 pounds. She has brown eyes and black hair, and a surgical scar on her right knee. The defendant has chronic health issues including cataracts in both eyes, high blood pressure, severe arthritis in her shoulder, and degenerative knees. On or about October 23, 2022, Brewster underwent a right knee replacement surgery at Harper Hospital, located in Detroit, Michigan. The surgery was successful, and the defendant's condition is stable. She currently participates in out-patient physical rehabilitation three-days a week. If her health allows, she plans to have her other knee replaced in the future. The defendant continues to have limited mobility and; therefore, she uses a cane,

---

[1] Defendant asks that the same argument being made in this section under "Downward Departure" also be considered as a basis for a variance.

>She is currently prescribed Oxycodone for pain, and medications to treat hypertension and high cholesterol. She continues to receive routine care and follow-up with her primary physician. The defendant reports that she has been vaccinated for COVID-19.

The second knee surgery was performed on March 16, 2023 by Dr. Darwiche and that the second surgery was the basis for the request for the motion for a second adjournment (ECF #42 – Pg. ID 268).

Also set forth in ECF 41, Pg ID 256-257 regarding **Mental and Emotional** Health as follows:

>55. Brewster reports significant mental health issues following the 1977 death of her only child, whom at three-years old drowned in a neighbor's pool. Following the traumatic event, the defendant's mental health reportedly collapsed as did her marriage. Brewster advised that she became severally depressed and attempted suicide on three separate occasions by overdosing on pills. She was reportedly hospitalized during which she was sedated. Upon release she was prescribed psychotropic medications that she states rendered her unable to function. Because of the effects, Brewster reportedly stopped taking the medications after approximately one-year. Although her mental condition remained unstable, she did not resume her medication. A short time later she began using alcohol and illicit drugs.

>56. Brewster reportedly self-medicated with drugs and alcohol for may years, never addressing her seemingly debilitating grief. She advised that for over 40 years she carried her son's obituary in a plastic bag in her purse. During her recent participation in substance abuse treatment (see below), she has for the first time addressed the past trauma. After over a year in treatment her therapist wrote "Louella came to treatment with significant unresolved grief issues stemming from the accidental drowning of her 3-year-old-son. Her anger and internalized rage over this incident brought about periods of depression and episodes of anxiety, culminating in the destruction of her marriage. She has made progress in accepting this event by actively forgiving those involved, including herself." The defendant has been diagnosed with anxiety for which she is prescribed Buspar. Brewster states that she appreciates therapy and is continuing to work on improving

      her overall health and condition. It is noted that she recently visited her son's gravesite with her ex-husband.

57. On July 14, 2021, the defendant underwent a psychological evaluation conducted by Atara Abramsky, PhD, LP, at the request of defense counsel. (Exhibit A)  The psychological evaluation concludes diagnosis of Post-Traumatic Stress Disorder (PTSD) and Major depressive disorder with anxious distress. Dr. Abramsky recommends in part that the defendant continue to meet with a psychiatrist for medication management of mental health symptoms.  It is further recommended that a trauma-specific component be included in her mental health treatment, such as individual or group therapy with a provider that specializes in PTSD and/or bereavement.  The report in its entirety has been previously provided to the Court for review.

Dr. Abramsky's report is included within this Motion for Downward Departure/Variance. (Exhibit A) The report of present treating therapist psychologist Dr. Derrick Johnson has been requested.

The Presentence Investigation Report identifies the factors that warrant the departure in **Part E. Factors That May Warrant Departure** (ECF 41, Pg ID 260) as follows:

76. The probation officer has identified the following as potential grounds for departure: § 5H1.1 Age, where the Policy Statement reads in part "Age (including youth) may be relevant in determining whether a departur4e is warranted, if considerations based on age, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines.

As previously set forth, Defendant Louella Brewster is 74-years of age and will be 75 this coming October 20, 2023.  These references are made to a prior medical history, including relevant medical records from present treating principal care physician Dr. Richard Brown, D.O. (Exhibit B)

4

As indicated in the PSR, Defendant Louella Brewster underwent a right knee replacement surgery at Harper Hospital on October 23, 2022. A Motion to Adjourn Sentencing (Second) (ECF 47), filed on May 4, 2023, was granted. Enclosed is Exhibit B, which is medical record indicating that surgery had been performed on March 16, 2023 on her left knee.

Included in this motion are the relevant and current medical records of principal care provider Dr. Richard Brown, Exhibit B.

The records indicate that there were two knee replacement surgeries and of significance and concern is a problematic left shoulder pain which is chronic in nature. As of May 11, 2023, as indicated, Defendant Louella Brewster is deferring for any surgical intervention at this time. Also of significance is the nature and extent of prescribed medications for Defendant.

In summary, Defendant Louella Brewster has had both knees replaced, is approximately 75 years of age and has a problematic and very painful shoulder for which surgery has been prescribed, but has now presently declined. It should be further noted that Defendant Louella Brewster relies on the use of a cane or walker for ambulation.

Defendant Louella Brewster is undergoing continuing medical care and treatment, and is undergoing therapy. Also, is a list of prescribed medications for Defendant Louella Brewster is significant in determining factors that may warrant departure.

Also of concern and consideration is the **§ 5H1.3 mental and emotional condition,** and in consideration of this sentencing Policy Statement, it should be considered to the initial psychological evaluation by Dr. Abramsky and the ongoing care

and treatment of therapist Derrick Johnson whose report has been requested and once received will be submitted to the Court for consideration.

Downward departure is appropriate in this particular case with the documents and statements submitted by defense attorney that Defendant has been undergoing treatment for a diagnosed mental condition for a period of time and incarceration would interrupt and cause untoward and impact her mental wellbeing.

Also, to be considered is § 5H1.4 **Physical Condition,** previously referenced, with two prior knee surgeries and also a symptomatic left shoulder which causes chronic pain and the need for continued care and treatment. The sum total of her overall physical condition, considering her age, concludes that she had extraordinary and physical impairment and that downward departure is appropriate where home confinement is sufficient and <u>less costly</u> (Emphasis added) than incarceration.

## DOWNWARD VARIANCE

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]

1) the nature and circumstances of the offense and the history and characteristics of the defendant;

2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conducts;

    (C) to protect the public from further crimes of the defendant; and,

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3) the kinds of sentences available;

4) the kinds of sentence and the sentencing range established. . .

5) any pertinent policy statement. . .

6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve §3553(a)'s statutory objections." *United States v. Kincaid,* 805 F.App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol,* 554 F.3d 1089, 1093 (6th Cir. 2009)). The Court should vary the guideline range in this case because it is justified when considering all the sentencing factors on balance, as well as the departure argument above. Nothing about a requested home confinement sentence would offend or undermine the purposes sentencing factors.

The following factors should be considered pursuant to 18 U.S.C. § 3553 which is set forth in the Presentence Investigation Report:

    81.    Louella Brewster is currently 74 years old. At the approximate age of 25 she married and began her family. She embraced being a wife and mother and enjoyed a stable lifestyle. However, her happiness would be short lived following the drowning death of her child. Her son's death changed the trajectory of what began as a happy and healthy life. Instead, Brewster would spend the next 40 years struggling with debilitating mental health issues and addiction that reportedly alienated her and influenced negative behavior and poor decision making. Since 2020, she has regained controlled of

7

her life and has been sober since that time. She continues to participate in substance abuse and mental treatment and maintains the support of her family.

### (a)(2)(A)
**To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.**

82. The defendant stands convicted of Misuse of Government Funds, a felony offense that carries a statutory maximum sentence of 10 years. The offense conduct spanned 29-years during which she converted the SSAQ benefits of her deceased mother to her own personal use, resulting in a loss of over $245,000 to the Social Security Administration. The defendant has remained compliant with her conditions of bond. She has further accepted responsibility for her actions as demonstrated by her guilty plea. A sentence that is within or below the guideline range would reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense.

### (a)(2)(C)
**To protect the public from further crimes of the defendant.**

84. Brewster has a dated criminal history that includes a felony and several prior misdemeanor convictions. She does not have a history of violence. Furthermore, her age, overall condition, and the nature of the instant offense suggests that she is not a risk to the public.

### (a)(2)(D)
**To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**.

85. The defendant has a high school diploma and no verifiable work history over the past ten years. She has a long-standing history of mental health issues and substance abuse, namely an addiction to alcohol and crack-cocaine. Since 2020, she has been drug-free after completing residential treatment. She continues to participate in substance abuse and mental health services. Brewster is 74 years and is receiving routine medical care for age related issues, including high blood pressure, high cholesterol, and cataracts. She recently

underwent knee replacement surgery and is participating in physical therapy.

**(a)(3)**
**The kinds of sentences available.**

88. The anticipated guideline range advises a custodial sentence of 18 to 24 months. However, the defendant is eligible for a probation term of one to five years. The plea agreement recommends that the sentence not exceed the mid-point of the guideline range as determined by the Court.

The afore-stated reference 18 U.S.C. § 3553, sentencing factors, justify a variance to the Sentencing Guidelines which will not result in disrespecting the law, or minimizing the offense and provides for still adequate punishment.

In conclusion, Defendant Louella Brewster respectfully requests to be sentenced to a term of probation. This sentence meets the purposes of §3553 in protecting and advancing society as well as taking into consideration her age, health and continuing need not only for physical care and treatment, but also mental health concerns as afore-stated.

THOMAS LEGAL CENTERS, P.C.

BY: s/Thomas W. Jakuc
22811 Greater Mack, Ste. 204
St. Clair Shores, MI  48080
586-573-2694
Thomasjakuc@sbcglobal.net
P15426

Dated: June 29, 2023

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **CERTIFICATE OF MAILING**

I certified that a copy of Defendant's Motion for Downward Departure/Variance and this Certificate of Mailing was mailed to all attorneys of record on this date of June 29, 2023 by electronic and/or ordinary mail.

s/Joyce J. Crechiolo
Secretary to Thomas W. Jakuc
(586) 573-2694

Dated: June 29, 2023