UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                       CRIM CASE NO. 17-20687
                                       HON. BERNARD A. FRIEDMAN

LOUELLA BREWSTER,

        Defendant.
_____/

### GOVERNMENT'S SENTENCING MEMORANDUM

Beginning in or around May 1984 and continuing *for nearly three decades*, through July 2013, Defendant Louella Brewster stole more than $245,000.00 in Social Security Administration (SSA) benefits intended for her deceased mother. Brewster's crime was not elaborate, but it was recurrent and involved the conversion of approximately 350 separate monthly benefit payments issued in her mother's name to her own personal use. She accomplished this, in part, by actively forging her mother's signature on hundreds of checks drawn on her deceased mother's bank account.

Defendant Brewster evaded law enforcement and the federal charges filed against her in this matter for over seven years until her arrest in January 2021. She eventually accepted responsibility for her actions and pleaded guilty to one count

1

of felony Theft of Government Funds, in violation of 18 U.S.C. § 641, on July 19, 2022. Brewster was originally set to be sentenced on November 16, 2022; however, the sentencing hearing has been postponed on multiple occasions for various reasons, and it is currently scheduled for July 18, 2023, almost one year from the date of her plea.

The defendant filed a Motion for Downward Departure/Variance on June 29, 2023, and a Sentencing Memorandum on July 11, 2023, requesting a probationary sentence that includes some period of home confinement. (ECF Nos. 48, 49.) The Government has thoroughly considered the defendant's filings in the preparation of this Sentencing Memorandum and opposes the relief and sentence requested.

Regardless of the defendant's age and health, this was a long-running fraud with a very substantial loss, and it should be punished as such. Moreover, as part of the parties' Rule 11 Plea Agreement, the Government has already recommended a significant downward departure relative to the defendant's criminal history. Specifically, the Government recommends that this Court depart downward from criminal history category III to category I pursuant to U.S.S.G. § 4A1.3(b)(1), which provides for departures when a defendant's criminal history category substantially overrepresents the seriousness of her criminal history or the likelihood of recidivism. (ECF No. 37, PageID.181-82.) This recommended departure would reduce the defendant's sentencing exposure from a guideline

range of 18 to 24 months to a range of 12 to 18 months.  Any further downward departure in this matter would result in a sentence insufficient to meet the objectives of 18 U.S.C. § 3553(a).  As discussed further below, the Government respectfully recommends a custodial sentence at or near the bottom of the guideline range.

**I.     Background**

The United States adopts the timeline of relevant case events, the description of the charge to which Defendant Brewster has pleaded guilty, and the statement of the offense conduct detailed by the Probation Department in the Revised Presentence Investigation Report (PSR) dated February 7, 2023.

**II.    Calculation of Advisory Sentencing Guidelines**

The Probation Department has calculated Defendant Brewster's sentencing guideline range to be 18 to 24 months based upon a total offense level of 13 and a criminal history category of III.  (PSR ¶ 64.)  This matches the Government's estimate; accordingly, the Government accepts the guidelines calculated by the Probation Department as correct.  However, as discussed above and accurately noted in the PSR, the downward departure to a criminal history category of I recommended by the Government in the Rule 11 Plea Agreement results in a guideline range of 12 to 18 months.  (*See* PSR ¶ 65.)

### III.   The Relevant § 3553 Factors

The task of a court, at sentencing, is to impose a sentence upon a defendant that is, "'sufficient, but not greater than necessary to comply with the purposes,' of section 3553(a)(2)." *United States v. Wilms*, 495 F.3d 277, 281 (6th Cir. 2007) (*quoting United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

### (1)   Nature and Circumstances of the Offense and History and Characteristics of Defendant

The Court must consider, in fashioning a sentence, the nature and circumstances of the offense and the history and characteristics of a defendant. 18 U.S.C. § 3553(a)(1).

Defendant Brewster comes before the Court at the age of 74, with a number of health problems of varying severity. The Government acknowledges that Brewster's age and health weigh in favor of leniency. However, other factors suggest that a custodial sentence of some length is nevertheless appropriate, hence the recommendation for a sentence at or near the bottom of the guidelines.

First and foremost is the sheer scope of this fraud. Brewster was in her mid-thirties when she began stealing her deceased mother's Social Security benefits from the government. She knew that she was not entitled to those benefits, but she repeatedly made the deliberate choice to steal from the government month after month, year after year, *and decade after decade* for almost 30 years, converting about 350 separate monthly payments in the process, and using the money for her

4

own personal expenses. Moreover, she forged her deceased mother's signature hundreds of times on checks as a means of converting the funds to her own use. Brewster's conduct was not a momentary lapse in judgment, but rather a continuous series of intentional choices, resulting in one of the larger SSA fraud losses prosecuted in this District in recent years.

Also, while it is true that Brewster has a relatively minor criminal history, the Court should note that this is not her first benefits fraud offense, as she received a diversionary disposition in a welfare fraud case in 1989. And although that case and the 1993 retail fraud cases that drive her criminal history are quite old, those experiences were not sufficient to deter her from committing fraud in this case. In fact, she was actively committing the instant offense at the time of those criminal convictions.

Furthermore, while it is true that the defendant will have to make restitution, it is important to remember that restitution is mandatory in the case of <u>all</u> financial offenses. Federal benefits fraud is a real crime that should be met with more than merely a financial consequence, even where the financial consequence may be significant. A custodial sentence would drive home this point.

### (2)  Seriousness of the Offense, Respect for the Law, and Just Punishment

The second factor requires the Court to impose a sentence which reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. 18 U.S.C. § 3553(a)(2)(A).

The Government believes that the defendant's crime – stealing over $245,000 in federal funds by forging one's deceased mother's signature on checks for over 30 years – is a serious one that should be met with a serious consequence. This purpose of sentencing is often minimized in the context of financial crimes. Nonetheless, offenses such as this negatively affect the public's perception of social welfare programs; specifically, these crimes erode confidence in the Social Security Administration and its ability to safeguard taxpayer contributions.

Moreover, it is important to understand that this is not a "victimless" crime. Theft from the government is theft from the taxpayers that fund the government. Taking money from the Social Security Administration is an affront against every hardworking individual who pays into the system in hopes that it will still be there to support them in their retirement or the event of a disability. As the Court is likely aware, the Social Security system is in jeopardy and conduct such as that of the defendant puts the system at even greater risk of insolvency. Now more than ever, program integrity is a topic of significant concern amongst lawmakers,

6

highlighting the need for those who steal from the government to be held accountable.

Simply having to pay the money back would <u>not</u> be a "just punishment," but rather a concession that this defendant – for all practical purposes – was entitled to demand a long-term, interest-free loan from her fellow citizens.

### (3)     Need to Afford Adequate Deterrence & Protect the Public

The sentence imposed must also, "afford adequate deterrence to criminal conduct and […] protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C).

The United States acknowledges that that given the defendant's age and health, any sentence imposed in this case might be sufficient to discourage *her* from engaging in additional criminal conduct.

However, the sentence imposed in this case should also serve to deter *others* who seek to profit by stealing benefits intended for deceased relatives.  Each year, thousands and thousands of Americans pass away while receiving monthly benefit payments, and many of those individuals' family members may be tempted to do exactly what the defendant did here: convert those payments to their own use for as long as they possibly can.

Whatever sentence the Court imposes needs to be sufficient to dissuade the public from engaging in misconduct akin to that of the defendant and send a

message to other would-be thieves that financial crimes have real consequences. The need for general deterrence merits the imposition of a custodial sentence in this case.

### (4) Effective Training and Treatment

Additionally, the sentence imposed must, "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

There is no indication that the defendant requires any educational or vocational training. With regard to the defendant's physical health, a sentence that takes into consideration the defendant's medical care is necessary here, and the Government believes that the Bureau of Prisons is capable of treating the defendant's health issues. Consistent with this belief, the Government would support a recommendation for placement at a Federal Medical Center during any term of incarceration. Additionally, the Government agrees with the assessment of the Probation Department that the defendant may benefit from substance abuse treatment. The Government would therefore encourage the Court to adopt the special conditions suggested by the Probation Department in ¶ 87 of the PSR during any term of supervision.

### (5) Kinds of Sentences Available and Sentencing Range

The Court must also consider, "the kinds of sentences available …[and] the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing] guidelines." 18 U.S.C. §§ 3553(a)(3), 3553(a)(4)(A).

The defendant's offense is a Class C felony, and calculation of the sentencing guidelines with the inclusion of the recommended downward departure under U.S.S.G. § 4A1.3(b)(1) places her in Zone C of the sentencing table. Under the applicable guideline provision, the "minimum term" of the defendant's advisory guideline range (here 12 months) may be satisfied by:

(1) a sentence of imprisonment; or

(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment.

U.S.S.G. § 5C1.1(d).

As stated previously, the Government believes that a custodial sentence at or near the bottom of the guideline range is appropriate in this case.

### (6) Restitution, Fines, and Forfeiture

Finally, a court must consider whether there is a need to impose restitution to any victim or victims of the defendant's offenses. 18 U.S.C. § 3553(a)(7).

The defendant's crime caused a financial loss to the government; thus, the United States seeks imposition of a mandatory restitution order under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, in the amount of $245,744.30 to the Social Security Administration. In addition to ordering restitution, the Government would ask the Court to adopt the first three special conditions suggested by the Probation Department in ¶ 91 of the PSR.

## IV. Conclusion

Having already agreed to a significant downward departure, and after considering the factors set forth in 18 U.S.C. § 3553(a), the Government respectfully recommends a custodial sentence at or near the bottom of the guidelines range.

Ultimately, the Government asks the Court to impose whatever reasonable sentence it determines to be sufficient but not greater than necessary to comply with the purposes stated in 18 U.S.C. § 3553.

The Government further asks that the Court require Defendant Brewster to pay the mandatory $100.00 special assessment to the Clerk of the Court, and order

her to pay restitution in the full amount of $245,744.30 to the Social Security Administration.

                        Respectfully Submitted,

                        DAWN N. ISON
                        United States Attorney

                        *s/Corinne M. Lambert*
                        CORINNE M. LAMBERT
                        Special Assistant U.S. Attorney
                        211 W. Fort Street, Suite 2001
                        Detroit, Michigan 48226
                        (313) 226-9129
                        Corinne.Lambert@usdoj.gov

Date: July 11, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 11, 2023, I filed the foregoing electronically via the CM/ECF system, which will send notification of such filing to counsel of record:

Thomas W. Jakuc
Thomas Legal Centers
22811 Greater Mack, Suite 204
St. Clair Shores, MI 48080
586-573-2694
Thomas.Jakuc@gmail.com

A copy was also provided to Probation Officer Nioaka L. Morton via email.

                                    *s/Corinne M. Lambert*
                                    CORINNE M. LAMBERT